Akina *v.* Antone Manuel.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1875.

*Harris and Judd, J. J.*

### AKINA *vs.* ANTONE MANUEL.

A MISUNDERSTANDING of language between the party and his counsel whereby certain testimony was not offered is not a case of "accident, misfortune or injustice," which the Court should relieve; NEW TRIAL on this ground refused.

The affidavit of the client not sufficient proof of such misunderstanding.

On defendant's exceptions from October term, 1874, to Mr. Justice Harris' judgment in refusing a new trial.

Justice Judd delivered the opinion of the Court.

The ground upon which this motion is urged appears by the affidavit of the defendant to be "that there was material evidence not cumulative which has not been offered owing to mistake or misunderstanding of defendant's former counsel, the defendant not well understanding the English language, and failing to make his said counsel understand his instructions and wishes as to his evidence and witnesses."

In this case the allegation by a client that his counsel did not understand him is offered as a case of "accident, misfortune or injustice," which it is claimed the Court should relieve by granting a new trial in order that the testimony which was not offered, because the counsel did not understand his client, may now be put in.

It is not necessary to review the grounds upon which the Court will grant new trials, for, in this case, we are not satisfied that there has been any mistake, misfortune or accident suffered, or injustice done. The client alleges that his

Akina *v.* Antone Manuel.

former counsel did not understand him; there is no affidavit here on the part of the former counsel that there was an honest and mutual mistake between them, and that from want of the client's knowledge of English he (the counsel) failed to understand him. Further, if the client had misgivings that he was not making the counsel comprehend him, while giving his instructions, or during the progress of the trial, it was incumbent upon him to procure an interpreter between them, and the neglect to procure one is negligence the consequences of which we will not relieve.

We do not consider the affidavit of the client alone as sufficient proof of such misunderstanding, and must deny the motion on this ground.

It therefore does not become necessary to consider whether the testimony disclosed in the other affidavits is material and necessary and not cumulative, for it is not contended that it is newly discovered, and it is apparently conceded that it was available, and could have been produced at the former trial had the counsel understood his client.

A motion is also made in arrest of judgment on the ground that the verdict is so defective in form, that no judgment can be pronounced upon it. The verdict in favor of the plaintiff was for the sum of $475.00, "*and the note of* $100," which must mean the note of $100 upon which testimony had been taken before the jury, and which was decided by them to be the property of the plaintiff. We do not consider such a verdict defective.

Exceptions overruled and judgment on the verdict.

W. C. Jones counsel for plaintiff.

A. S. Hartwell counsel for defendant and for exceptions.

Honolulu, January 18th, 1875.